IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| STEVEN G. MILLETT and<br>MELODY J. MILLETT,<br><br>      Plaintiffs,<br><br>v.<br><br>CSC CREDIT SERVICES, INC.,<br><br>      Defendant. | CIVIL ACTION<br><br>No. 04-2456-CM |

## MEMORANDUM AND ORDER

Plaintiffs bring the instant action, alleging that defendant CSC Credit Services, Inc. reported inaccurate information on plaintiffs' credit reports and failed to correct inaccurate information after investigation arising from plaintiffs' alleged identity fraud. Plaintiffs assert the following causes of action: Count I – violation of the Fair Credit Reporting Act ("FCRA"); Count II – state law defamation; Count III – state law negligence; and Count IV – injunctive relief. This matter is before the court on defendant's Motion to Dismiss (Doc. 11). Defendant moves the court to dismiss Counts I & IV.

**I.      Standards**

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is

dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff, *Witt v. Roadway Express*, 136 F.3d 1424, 1428 (10th Cir. 1998).  The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## II.     Background Facts

This case arises from an identity theft incident.  Specifically, plaintiffs allege that sometime in 1989, an individual began to use plaintiff Steven Millett's social security number in order to obtain false identification, obtain employment, obtain insurance, pay taxes through wage withholding, and to establish and open credit accounts for homes, cars and credit and/or charge cards with banks, credit unions, merchants and credit card companies.  Plaintiffs allege that defendant was or should have been aware that the credit reports, credit histories, and credit scores generated because of the existence of duplicate accounts utilizing the same social security number resulted in the dissemination of inaccurate information pertaining to plaintiffs, and particularly plaintiff Steven Millett.

Plaintiffs discovered the alleged identity theft in January 2003.  Plaintiffs assert that they immediately reported the identity theft, contacting their creditors and defendant, as well as law enforcement officials and the known creditors of the individual illegally utilizing identity information.  Plaintiffs allege that defendant continued to allow the individual who was criminally and fraudulently

-2-

using plaintiff Steven Millett's social security number to use the number and continued to identify that individual's account or accounts with plaintiff Steven Millett's social security number. Plaintiffs further allege that defendant continues to falsely report the true status of plaintiffs' credit histories, credit information and personal information and has refused to include a statement in the credit file of others utilizing plaintiff Steven Millett's social security number, which would indicate the identity theft or the true and accurate assignment of plaintiff Steven Millett's social security number.

**III. Discussion**

    **A. Fair Credit Reporting Act Claim**

In Count I, plaintiffs allege that defendant violated the FCRA, 15 U.S.C. § 1681s-2. Plaintiffs' First Amended Complaint refers to defendant as a "furnisher" of information and alleges that defendant violated § 1681s-2 of the FCRA by "furnishing" inaccurate information to credit reporting agencies and other entities. (First Amended Complaint, ¶¶ 2, 13, 45, 57, 61, 73, 74, 80, 83, 94, and 96). Plaintiffs also allege that "Defendant continues to falsely *report* the true status of credit histories, credit information and personal information, including Plaintiff Steven Millett's Social Security number." (First Amended Complaint, ¶ 41). Finally, plaintiffs allege that "Defendant is a furnisher of information to consumer reporting agencies as defined by 15 U.S.C. 1681s-2," (First Amended Complaint, ¶ 57), and "Defendant is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f)." (First Amended Complaint, ¶ 58). Defendant contends that it is in fact a consumer reporting agency and that, as such, plaintiffs' cause of action pursuant to § 1681s-2 must be dismissed.

Congress designed the FCRA to regulate and provide guidance for the reporting and dissemination of consumer credit information. 15 U.S.C. § 1681.  The FCRA defines a "consumer reporting agency" as:

> [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing of furnishing consumer reports.

15 U.S.C. § 1681a(f).  Sections 1681e(b) and 1681i of the FCRA provide specific duties and regulations for consumer reporting agencies.  *See* 15 U.S.C. § 1681e(b) (requiring reasonable procedures to assure the maximum possible accuracy of the information contained in consumer reports); 15 U.S.C. §1681i (requiring consumer reporting agencies to investigate consumer disputes regarding derogatory information appearing on consumer reports).  In contrast, § 1681s-2 regulates the conduct of creditors, employers, and other entities who "furnish" information to consumer reporting agencies, who in turn, compile this information into consumer reports.

To begin, the court harbors serious doubts whether defendant in this case is a furnisher of consumer information.  *See, e.g., Field v. Trans Union LLC,* 2002 WL 849589 at *3 (N.D. Ill. 2002) ("It is undisputed CSC is a 'consumer reporting agency' under 15 U.S.C. § 1681a(f)"); *Washington v. CSC Credit Serv., Inc.,* 199 F.3d 263, 265 (5th Cir. 2000) ("The FCRA governs 'consumer reporting agencies' like Equifax and CSC"). If defendant were indeed a consumer reporting agency, defendant's conduct would be explicitly governed by §§ 1681e(b) and 1681i of

the FCRA, but not by § 1681s-2. In other words, defendant could not be held liable under 1681s-2, which is precisely the statute under which plaintiffs bring Count I against defendant.

Plaintiffs acknowledge that defendant has been determined to be a credit reporting agency in other cases. Plaintiffs contend, however, that this is not determinative of the status of defendant in this action. Plaintiffs in this case have alleged that defendant is a furnisher and a consumer reporting agency. The court points out that plaintiffs provided the court with no legal authority for the proposition that an entity may simultaneously be both a furnisher of consumer information and a consumer reporting agency. Notwithstanding, plaintiffs have pled that defendant is a furnisher of credit information. Mindful that, in ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must "liberally construe the complaint in favor of the plaintiff." With this standard in mind, the court concludes that plaintiffs have sufficiently pled that defendant is a furnisher subject to the regulations set forth in § 1681s-2. Defendant's motion to dismiss Count I is denied. However, upon presentation to the court of a record establishing that defendant is a consumer reporting agency, Count I would then be dismissed.

### B.   Injunctive Relief Claim

Count IV of plaintiffs' Amended Complaint seeks injunctive relief alleging that "[t]he actions of Defendant constitute irreparable, ongoing and immediate harm to Plaintiffs Steven Millett and Melody Millett" and "[c]orrections to Plaintiffs' personal information and to the suppressed, alternate, lined, split and duplicate credit files are immediately necessary to prevent further and ongoing irreparable harm." (Amended Complaint, ¶¶ 98, 99). Plaintiffs' Amended Complaint then sets forth the specific injunctive relief requested.

-5-

To obtain injunctive relief, a plaintiff must show that: (1) plaintiff faces a reasonable probability of irreparable future injury; (2) the remedy at law would not provide adequate relief; (3) the threatened injury to plaintiff outweighs the damage that the proposed remedy would cause defendant; and (4) the injunction would not be adverse to the public interest. *Tyler v. Kan. Lottery*, 14 F. Supp. 2d 1220, 1223 (D. Kan. 1998). Having said that, should the court later determine that defendant is a consumer reporting agency subject to § 1681e, (which is not pled), plaintiffs' claim for injunctive relief would be improper. *Washington,,* 199 F.3d at 268; *In re Trans Union Corp. Privacy Litigation,* 211 F.R.D. 328, 340 (N.D. Ill. 2002) ("this court agrees with *Washington* that Congress vested the power to obtain injunctive relief solely with the FTC [Federal Trade Commission]"); *Bumgardner v. Lite Cellular, Inc.,* 996 F. Supp. 525, 527 (E.D. Va. 1998) ("Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy"); *Mangio v. Equifax, Inc.,* 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) (holding that private plaintiffs cannot seek injunctive relief under the FCRA because such relief would circumvent the FTC's discretion to enforce the FCRA).

However, assuming defendant could be held liable pursuant to § 1681s-2, and viewing all factual allegations in the light most favorable to plaintiffs, the court concludes that, at this juncture, plaintiffs have sufficiently stated a claim for injunctive relief. The court denies defendant's request to dismiss Count IV.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 11) is denied.

-6-

-7-

Dated this   21   day of April 2005, at Kansas City, Kansas.

          **s/ Carlos Murguia**
          **CARLOS MURGUIA**
          **United States District Judge**